UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID E. KATES,<br><br>    Petitioner,<br><br>  v.<br><br>J.E. THOMAS (Warden),<br><br>    Respondent | CIVIL ACTION NO. 3:13-CV-01243<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

On May 7, 2013, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by Petitioner David E. Kates on May 1, 2013. (Doc. 1). At the time of filing, Kates was detained at the United Sates Penitentiary in Lewisburg, Pennsylvania (USP Lewisburg).

I. **BACKGROUND**

On May 7, 2013, Kates filed a petition for a writ of habeas corpus. (Doc. 1). In the petition, he alleges violations of Program Statement 5217.01, the Administrative Procedures Act ("APA"), and the due process clause of the United States Constitution. Petitioner was convicted in the Northern District of Texas for Possession with Intent to Distribute Cocaine Base, and sentenced to a prison term of 360 months. (Doc. 9, p. 2). Kates is currently projected to be released on November 29, 2025. (Doc. 9, p. 2). On July 6, 2010, the Bureau of Prisons ("BOP") designated Kates to the Special Management Unit program (SMU) at USP Lewisburg. Kates submits that he has been placed in the SMU beyond the limits set forth in the BOP's Program Statement.

Kates submits that the alleged violations stem from his confinement in the SMU. (Doc. 1, ¶ 2). In his request for relief, Kates seeks to be released from the SMU's 24-hour confinement,

and returned to the general population. (Doc. 1, p. 6; Doc. 10, p. 5). On May 16, 2013, this Court issued an Order to Show Cause directing Respondent to respond to the allegations of the petition. (Doc. 6). On June 14, 2013, Respondent filed a response arguing that the instant petition should be denied because his claims are not properly pursued in a petition for habeas corpus. (Doc. 9). On June 25, 2013, Kates filed a traverse. (Doc. 10).

## II.   DISCUSSION

Federal courts are courts of limited jurisdiction, possession only that power authorized by Constitution and statute. *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) *cert. denied*, 133 S. Ct. 805, 184 L. Ed. 2d 597 (U.S. 2012); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir.2005) (*quoting Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir.2001).

In this matter, Kates is challenging his confinement in the SMU after he was transferred to USP Lewisburg in July 2010. A petition for writ of habeas corpus is the exclusive federal remedy for a prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *Leamer v. Fauver*, 288 F.3d 532, 542–44 (3d Cir. 2002). Claims that do not directly implicate the fact or duration of confinement may not be pursued by way of a habeas petition. *See Leamer*, 288 F.3d at 540. In *Green v. Bledsoe*, No. 10–0059, 2010 WL 1372409, at *2 (M.D. Pa. Apr. 5, 2010), the court explained:

> [I]n challenging his placement in the SMU and the hearing that led to the determination that he was appropriate for SMU placement, Green is not

challenging the fact or duration of his confinement. Further, a decision in his favor would not alter his sentence or undo his conviction. Therefore, his claims are not properly asserted in a § 2241 habeas petition, but rather are more properly pursued through the filing of a *Bivens* action. *See Woodruff v. Williamson*, Civil No. 3:CV–06–2310, 2009 WL 703200, at *5 (M.D. Pa. Mar. 12, 2009) (Caputo, J.) (dismissing portion of petitioner's § 2241 habeas petition challenging SMU placement as not cognizable under § 2241); *McKettrick v. Williamson*, Civil No. 4:CV–06–543, 2006 WL 1307919 (M.D. Pa. May 10, 2006) (McClure, J.) (same).

In order to challenge the execution of his sentence under § 2241, Kates would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment. *Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012) *cert. denied*, 133 S. Ct. 805, 184 L. Ed. 2d 597 (U.S. 2012). Kates' petition does not challenge his conviction or his resulting sentence, and does not challenge the fact or duration of his confinement. Rather, Kates alleges violations of his right to due process, violations of the BOP's Program Statement, and violations of the APA, regarding his placement in the SMU. A decision in his favor would not alter his sentence or undo his conviction. As such, the Court finds that his claims are not properly pursued in a habeas corpus petition. *See Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012).

### III.  RECOMMENDATION

In light of the foregoing, it is recommended that the petition for a writ of habeas corpus (Doc. 1) be **DENIED**.

Dated: August 27, 2014

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID E. KATES,<br><br>         Petitioner,<br><br>v.<br><br>J.E. THOMAS (Warden),<br><br>         Respondent | CIVIL ACTION NO. 3:13-CV-01243<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

**NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 27, 2014**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: August 27, 2014**                                    *s/ Karoline Mehalchick*
                                                                              **KAROLINE MEHALCHICK**
                                                                              **United States Magistrate Judge**