**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID E. KATES, | |
|     Petitioner, | CIVIL ACTION NO. 3:CV-13-1243 |
|     v. | (JUDGE CAPUTO) |
| J.E. THOMAS (Warden), | (MAGISTRATE JUDGE MEHALCHICK) |
|     Respondent. | |

## MEMORANDUM ORDER

Before me is Petitioner David E. Kates' Objections (Doc. 12) to Magistrate Judge Mehalchick's Report and Recommendation (Doc. 11) on his Motion for Relief Pursuant to 28 U.S.C. § 2241 (Doc. 1). At the time he commenced this action, Petitioner was detained at the United States Penitentiary in Lewisburg, Pennsylvania. In his Petition, Petitioner asserts that he has been placed in the Special Management Unit ("SMU") at USP Lewisburg beyond the limits set forth in the BOP's Program Statement. As relief, Petitioner requests that this Court "order the petitioner to be release[d] from SMU 24 hour confinement immediately w/o delay . . . ." (Doc. 1.) By notice filed with the Court on October 30, 2014, Petitioner indicates that he is now incarcerated at USP Allenwood. (Doc. 13.)

The Magistrate Judge recommends that the Petition be dismissed because Petitioner's claims are not properly pursued in a habeas corpus petition. (Doc. 11, 3.) Petitioner objects to this recommendation. Specifically, Petitioner argues that he is "attacking the duration of his 23-1 confinement," and a ruling in his favor "can result in petitioner's 23-1 confinement/duration being shorter or ended." (Doc. 12, ¶¶ 3-4.)

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the

magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

Petitioner's motion pursuant to § 2241 will be dismissed. First, "[a] challenge to placement in SMU is not cognizable in a habeas proceeding as it is not a challenge to a conviction, a sentence, the duration of imprisonment, or the execution of a sentence. Instead, it is a conditions of confinement claim. Such claims must be brought in a civil-rights action." *Kingsberry v. Thomas*, No. 13-2466, 2014 WL 1118032, at *5 (M.D. Pa. Mar. 20, 2014) (citing *Cardona v. Thompson*, 551 F. App'x 630, 632 (3d Cir. 2013); *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012)). Moreover, as Petitioner has been transferred to USP Allenwood, and noting that it is unclear from the record whether his placement in the SMU continues, Petitioner's request for release from the SMU may well be moot. *See, e.g., Capozzi v. Bledsoe*, 560 F. App'x 157, 159 (3d Cir. 2014).

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Magistrate Judge Mehalchick's Report and Recommendation (Doc. 11) is **ADOPTED**.

(2) David E. Kates' Motion for Relief Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice** to any right Petitioner may have to reassert the civil rights claims in a properly filed civil rights action.

(3) The Clerk of Court is directed to mark the case as **CLOSED**.

November 4, 2014  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge